**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4648**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN ANDREW SPEAGLE, SR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00234-RLV)

Submitted: June 5, 2008          Decided: July 7, 2008

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard E. Beam, Jr., HUBBARD & BEAM, Gastonia, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Andrew Speagle, Sr., pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute methamphetamine and crystal methamphetamine, in violation of 21 U.S.C. § 846 (2000). The court sentenced Speagle to 292 months in prison, and Speagle timely appealed. Speagle's attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion by not imposing a lower sentence. The Government did not file a reply brief. Speagle submitted a pro se supplemental brief contending that the agents involved in his case acted wrongfully, and that he is entitled to a reduction in sentence for substantial assistance. Finding no reversible error, we affirm.

Speagle suggests that the 292-month term of imprisonment imposed by the district court was unreasonable. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guidelines range after making the appropriate findings of fact, and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008). Gall v. United States, 128 S.

- 2 -

Ct. 586, 596 (2007). The court must give both parties an opportunity to argue for whatever sentence they deem appropriate, and the district judge "may not presume that the Guidelines range is reasonable." Gall, 128 S. Ct. at 596-97. This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). On appellate review, we may presume that a sentence within the properly calculated advisory guidelines range is reasonable. Rita v. United States, 127 S. Ct. 2456, 2462, 2465 (2007).

Here, the district court sentenced Speagle after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker, and treated the guidelines as advisory. Speagle admitted in his validly entered guilty plea that he was involved in the distribution of more than fifteen kilograms of methamphetamine. He also agreed in the plea agreement to the offense level of 38, and he received a three—level reduction for acceptance of responsibility. With a total offense level of 35 and a criminal history score of VI, due to the 21 U.S.C. § 851 (2000) enhancement for a prior drug felony, the applicable advisory guidelines range was 292 to 365 months in prison. Speagle admitted he had the requisite prior conviction to enhance his sentence pursuant to § 851. Speagle's 292-month sentence is the bottom of the advisory guidelines range, and is below the life statutory

maximum sentence pursuant to 21 U.S.C. § 851. Moreover, the court explained that it had taken the sentencing guidelines and § 3553(a) factors into account, and the record reflects no factors warranting a departure. Accordingly, we conclude that Speagle's sentence was reasonable.

In his pro se supplemental brief, Speagle alleged that the agents involved in his case were dismissed for wrongful conduct. Speagle does not explain what this wrongful conduct entailed, nor is it of import, as Speagle's voluntary plea of guilty to the charges for which he was convicted waived the right to challenge antecedent, non-jurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Hall v. McKenzie, 575 F.2d 481 (4th Cir. 1978). Speagle also argued that he has provided substantial assistance and should qualify for a sentence reduction pursuant to U.S.S.G. § 5K1.1. However, Speagle agreed in his validly entered plea agreement that moving for a reduction of sentence under § 5K1.1 would be solely within the Government's discretion, and the decision of whether his assistance is "substantial" remains with the Government.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Speagle's conviction and sentence. This court requires that counsel inform Speagle, in writing, of the right to petition the Supreme Court of the United States for further review.

- 4 -

If Speagle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Speagle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED